**SIGNED this 01 day of December, 2010.**

_____
**Marcia Phillips Parsons**
**UNITED STATES BANKRUPTCY JUDGE**

_____

**[This opinion is not intended for publication as the precedential effect is deemed limited.]**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE

|  |  |
|---|---|
| In re | |
|     DENNA LEIGH ANDERSON, | No. 10-50757 |
|         Debtor. | Chapter 7 |
| MARY FOIL RUSSELL, Trustee, | |
|     Plaintiff, | |
| vs. | Adv. Pro. 10-5081 |
| MIKE LITTLE, | |
|     Defendant. | |

### M E M O R A N D U M

Mary Foil Russell, Esq.
Hale, Lyle & Russell
Post Office Box 274
Bristol, Tennessee 37621
*Attorney for Plaintiff*

Edward T. Brading, Esq.
Herndon, Coleman, Brading & McKee
Post Office Box 1160
Johnson City, Tennessee 37605
*Attorney for Defendant*

**Marcia Phillips Parsons**, **United States Bankruptcy Judge**.  In this adversary proceeding, the plaintiff chapter 7 trustee, Mary Foil Russell, seeks to avoid as constructively fraudulent pursuant to 11 U.S.C. § 548(a)(1)(B) a transfer by debtor Deena Anderson to her father, Mike Little, the defendant.  Presently before the court is the defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  The defendant contends that the complaint fails to sufficiently state a claim for relief and that the allegation of fraud was not pled with particularity as required by Federal Rule of Civil Procedure 9(b).  As discussed below, although the defendant's Rule 9(b) argument is rejected, the complaint fails to state a claim for relief at the current time.  Nonetheless, the trustee will be given the opportunity to amend her complaint, and ruling on the defendant's motion to dismiss will be reserved.  This is a core proceeding.  *See* 28 U.S.C. § 157(b)(2)(O).

## I.

Th debtor filed a voluntary petition for bankruptcy relief under chapter 7 on March 26, 2010, and the trustee filed her complaint initiating this adversary proceeding on August 30, 2010.  The trustee alleges that the debtor and the defendant previously owned as tenants in common a house and lot in Johnson City, Tennessee; that on January 22, 2010, roughly two months before filing for bankruptcy, the debtor signed a quitclaim deed transferring her interest in the real property to the defendant for $1; that based on a 2010 tax assessed value of $136,300, and after deducting the amount owed on a mortgage, there was approximately $47,528 in equity in the real property at the time of the transfer; and, therefore, the transfer was constructively fraudulent and avoidable pursuant to § 548(a)(1)(B) of the Bankruptcy Code.

Under this provision, a trustee may avoid any transfer made by the debtor within two years of filing for bankruptcy if the debtor received less than a reasonably equivalent value in exchange for such transfer **and**:

> (I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;
>
> (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;
>
> (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or

2

(IV) made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

11 U.S.C. § 548(a)(1)(B) (emphasis supplied).

As set forth in the foregoing provision, in order for a transfer to be avoidable under this subsection, not only must there have been a transfer within two years of the bankruptcy filing for less than reasonably equivalent value, but in addition one of paragraphs (I), (II), (III) or (IV) must be present. In his motion to dismiss, the defendant asserts that the complaint is deficient and must be dismissed under Federal Rule of Civil Procedure 12 (b)(6) because it fails to allege the existence of one of these paragraphs. Additionally, the defendant asserts that the complaint fails to comply with the requirement in Federal Rule of Civil Procedure 9(b) that allegations of fraud or mistake be pled with "particularity."

In response, the trustee admits that her complaint is "not well-crafted" and that it fails to allege that the debtor was insolvent when the transfer was made, i.e., paragraph (I) of § 548(a)(1)(B)(ii). Nonetheless, the trustee argues that the complaint gives "fair notice" of her claim, the pleading standard articulated by the Supreme Court in *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99 (1957), and that it is not necessary to detail every element of the cause of action. According to the trustee, a complaint may be dismissed under Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief," *id.* at 45-46, which she contends is not the instant case. Lastly, the trustee attaches to her response an amended complaint, requesting leave of court under Federal Rule of Civil Procedure 15(a)(2) to file the pleading if the court finds the original complaint to be fatally defective.

## II.

Federal Rule of Civil Procedure 12(b)(6), applicable in adversary proceedings through Federal Rule of Bankruptcy Procedure 7012(b), provides that complaints may be dismissed for "failure to state a claim on which relief can be granted." Previously, the standard governing the application of this rule was the no-set-of-facts minimal standard from *Conley v. Gibson* asserted by the trustee in the present case. However, in two recent decisions, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007), and *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937 (2009),

the Supreme Court "raised the bar for pleading requirements." *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009). Now, in order to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Iqbal*, 129 S. Ct. at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950. Determining whether a claim for relief is plausible is a "context-specific task" requiring the court "to draw on its judicial experience and common sense." *Id.* at 1950.

Applying this standard to the present case, a complaint seeking relief under § 548(a)(1)(B)(i) and (ii)(I) of the Bankruptcy Code must contain sufficient facts plausible on their face that establish that the debtor: (1) made a transfer within two years of the bankruptcy filing; (2) received less than reasonably equivalent value in exchange for the transfer; and (3) was insolvent on the date the transfer was made or became insolvent as a result of the transfer. Although the Bankruptcy Code does not define "reasonably equivalent value," courts have generally found that a debtor receives reasonably equivalent value when the consideration he receives from the transfer is equal in value to the property given to the transferee. *See, e.g., Feldman v. Chase Home Fin. (In re Image Masters, Inc.)*, 421 B.R. 165, 178 (Bankr. E.D. Pa. 2009).

Undeniably, the first two elements of the trustee's cause of action are supported by the requisite factual allegations. The complaint describes the transfer, identifies the property transferred and the consideration received, gives the date of the transfer, and provides a factual basis for the actual value of the property transferred. Considering the factual allegations that the realty had equity of almost $47,528 and that the debtor received only $1 for her one-half interest, it is entirely plausible that the debtor received less than reasonably equivalent value in exchange for the transfer. On the other hand, the complaint fails to set forth any allegations to support the last element of a fraudulent transfer under § 548(a)(1)(B)(ii)(I), that the debtor was insolvent on the date the transfer

4

was made or became insolvent as a result of the transfer. Moreover, the amended complaint the trustee attaches to her response to the defendant's motion to dismiss fails to correct this deficiency because it simply alleges insolvency, without any factual support for this conclusion that would demonstrate plausibility. *See* 11 U.S.C. § 102(32)(A) (setting forth insolvency definition); *cf. Joseph v. Frank (In re Troll Commc'n, LLC)*, 385 B.R. 110, 123-24 (Bankr. D. Del. 2008) (finding insolvency adequately pled where complaint alleged facts showing that debtors' liabilities exceeded their assets as of the date of the transfer).

Notwithstanding this deficiency, the court concludes that rather than dismissal of the complaint, the trustee should be given an opportunity to amend. The complaint already sets forth with a sufficient factual foundation two of the three necessary elements to establish a fraudulent conveyance under § 548(a)(1)(B). And, given the proximity of the transfer to the date of the debtor's bankruptcy filing, the defendant should not be surprised that the trustee contends that the debtor was insolvent at the time of the transfer. Further, there is no indication from the record that allowing the trustee to amend the complaint will result in undue delay or unduly prejudice the defendant, especially considering the short duration of this adversary proceeding. *See Springel v. Hotel Plaza Athenee (In re Innovative Commc'n Corp.)*, Adv. Pro. No. 09-3007, 2010 WL 3069489, *4 (Bankr. D. V.I.) (under similar facts court allowed plaintiff to amend a deficient complaint rather than granting motion to dismiss).

Before concluding, the court must address the defendant's argument that the complaint must be dismissed because it fails to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), applicable in adversary proceedings through Federal Rule of Bankruptcy Procedure 7009, which demands that allegations of fraud or mistake be pled with "particularity." Although the Sixth Circuit Court of Appeals has not yet addressed this issue, most courts conclude that Rule 9(b) is inapplicable to fraudulent transfer actions based on constructive fraud. *See Angell v. Ber Care, Inc. (In re Caremerica, Inc.)*, 409 B.R. 737, 755 (Bankr. E.D.N.C. 2009); *Gold v. Winget (In re NM Holdings Co.)*, 407 B.R. 232, 259 (Bankr. E.D. Mich. 2009); *Astropower Liquidating Trust v. Xantrex Tech., Inc. (In re Astropower Liquidating Trust)*, 335 B.R. 309, 333 (Bankr. D. Del. 2005); *but see OHC Liquidation Trust v. Nucor Corp. (In re Oakwood Homes Corp.)*, 325 B.R. 696, 698 (Bankr. D. De. 2005). Unlike actual fraud which requires a showing of fraudulent intent,

5

constructive fraud may be established simply by financial data: the transfer is *presumptively* fraudulent if it was made without reasonably equivalent value while the debtor was insolvent.  Stated differently, because fraud or deceit is not an element of the trustee's fraudulent transfer claim, there is no need to plead it with particularity.  *In re NM Holdings Co.*, 407 B.R. at 259 (quoting *Sharp v. Chase Manhattan Bank. N.A. (In re Commercial Fin. Servs., Inc.)*, 322 B.R. 440, 450-51 (Bankr. N.D. Okla. 2003) ("When 'fraud' is alleged solely because a debtor transferred property while it was insolvent, the transferee is not accused of an act of fraud or deception . . . .")); *State Bank & Trust Co. v. Spaeth (In re Motorwerks, Inc.)*, 371 B.R. 281, 295 (Bankr. S.D. Ohio 2007) (more stringent requirements of Rule 9(b) do not apply); *In re Astropower Liquidating Trust*, 335 B.R. at 333 (Rule 8(a)(2)'s notice pleading standard governs, not Rule 9(b)'s heightened pleading standard). Accordingly, the defendant's Rule 9(b) argument is rejected.

III.

An order will be entered in accordance with this memorandum opinion denying the defendant's motion to dismiss to the extent that it is based on Rule 9(b) and the failure to plead fraud with particularity while reserving ruling on the remainder of the motion pending the filing of an amended complaint by the trustee within 20 days.  Upon the filing of an amended complaint, the defendant shall have 20 days to file an answer or to renew the motion to dismiss if the amended complaint fails to correct the deficiency identified in this memorandum.  If an answer is filed, the motion to dismiss will be deemed moot.  If an amended complaint is not timely filed, an order will be entered granting the motion to dismiss without further notice or hearing.

# # #